**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ARGENIS VIZCAYA FARFAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-452-R** |
| | ) | |
| **DON JONES, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting that his Fifth Amendment Due Process rights were violated when U.S. Immigration and Customs Enforcement re-detained him in violation of its own regulations and without a proper custody determination. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 13] recommending that the Court grant the Petition in part and order Respondents to release Petitioner subject to the terms of a previous Order of Supervision. Respondents filed a timely Objection [Doc. No. 14], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

As explained in the Report, Petitioner is a citizen of Venezuela who most recently entered the United States on May 19, 2022. On May 23, 2022, he was issued a Notice of Intent/Decision to Reinstate Prior Order, informing him that DHS intended to reinstate a prior order of removal that was issued on February 15, 2019. Petitioner was released from custody on May 24, 2022 on an Order of Supervision. He was re-detained on February 12, 2026 after he presented for a check in at an ICE facility. Relevant here, the governing

regulations provide that federal authorities "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). The regulations further provide that "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release" and ICE "will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* at § 241.13(i)(3). Judge Mitchell concluded that ICE violated Petitioner's procedural due process rights by revoking his Order of Supervision without making the proper custody determination and without providing the required notice or interview.

Respondents raise two objections to Judge Mitchell's Report. First, they argue that the Report is premised on factual allegations that were not presented until Petitioner submitted his reply brief, including that Petitioner was not provided a copy of the Notice of Revocation of Release, Petitioner did not comprehend what documents he was signing because he does not speak English, and Petitioner did not comprehend the circumstances surrounding his re-detention. Upon de novo review, the Court finds that the Petition sufficiently identified the claims asserted and the facts supporting the claims. Moreover, Respondents have had an opportunity, via their Objection, to show that ICE made an individualized determination that changed circumstances made removal reasonably likely in the foreseeable future and that Petitioner comprehended the circumstances surrounding his detention and have not done so. The Court therefore agrees with Judge Mitchell's

2

conclusion that Respondents failed to provide Respondent with a meaningful opportunity to challenge the revocation of his Order of Supervision or adequately comply with the requirements set out in 8 C.F.R. § 241.13(i) when they re-detained Petitioner.

Second, Respondents object to Judge Mitchell's proposed remedy – release on the prior Order of Supervision. They argue that they substantially complied with the regulation, that judicial process has cured any administrative deficiencies because Petitioner has now received a copy of the notice and been given an opportunity to respond, and that to the extent any relief is warranted, the appropriate remedy is to provide the revocation notice and interview in Spanish. "This Court, in agreement with the majority view, has found that such regulatory defects amount to due process violations that entitle a petitioner to habeas relief." *Tran v. Blanche*, No. CIV-25-1357-G, 2026 WL 1181700, at *3 (W.D. Okla. Apr. 30, 2026) (quotation omitted).

Accordingly, the Report and Recommendation [Doc. No. 13] is ADOPTED. The Petition for Writ of Habeas Corpus is GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241. Respondents are directed to immediately release Petitioner from custody, subject to the terms of his previous Order of Supervision, and to certify compliance with this Order. Petitioner's remaining claims are dismissed without prejudice.

IT IS SO ORDERED this 2nd day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3